# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE JEREMIAS SIC-SIC,<br><br>Petitioner,<br><br>v.<br><br>WARDEN/FACILITY ADMINISTRATOR CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-06163-KES-SAB-HC<br><br>ORDER DIRECTING SMITH & EULO TO FILE RESPONSE TO ATTORNEY ANNA WEISER'S MOTION TO WITHDRAW<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE THIS ORDER AND COPIES OF MOTION TO WITHDRAW AND SUPPLEMENT ON SMITH & EULO |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 11, 2026, attorney Anna Weiser filed a motion to withdraw as attorney for Petitioner. (ECF No. 8.) Therein, counsel states that she entered an appearance in this action on behalf of Petitioner while employed by Smith & Eulo Law Firm ("Smith & Eulo"), her employment with Smith & Eulo ended on September 4, 2026, the case materials in her possession were returned to Smith & Eulo, and she "no longer has access to Smith & Eulo Law Firms's case management system, files, email systems, or other firm resources necessary to continue handling this matter through the firm." (Id. at 1–2.)

As it appeared based on the contents of the motion to withdraw and accompanying declaration that Petitioner is a client of Smith & Eulo, as opposed to a client of attorney Anna Weiser specifically, and that a substitution of attorney with a new individual attorney from Smith & Eulo would be more appropriate than withdrawal and leaving Petitioner to proceed *in propria persona*, the Court ordered Ms. Weiser to file a supplement regarding Petitioner's relationship

with Smith & Eulo and why withdrawal of counsel rather than substitution of attorney was appropriate. (ECF No. 9.)

On September 23, 2026, Ms. Weiser filed a supplement, arguing that requiring her "to remain counsel of record until her former employer elects to identify substitute counsel would make termination of undersigned's representation dependent indefinitely upon the actions of third parties over whom undersigned has no employment, supervisory, contractual or other authority" and that "[c]ontinued substantive representation by undersigned is also impracticable because undersigned no longer has possession of the firm's client file[.]" (ECF No. 10 at 3.) Ms. Weiser contends withdrawal is appropriate, but alternatively, "if the Court determines that withdrawal should be conditioned upon Smith & Eulo first identifying successor counsel, undersigned respectfully requests that the Court direct Smith & Eulo and/or its designated successor counsel to take necessary steps to enter an appearance within a time certain, rather than requiring undersigned indefinitely to remain responsible for obtaining the voluntary participation of an attorney whom she does not employ, supervise, or control." (Id. at 4.)

Accordingly, the Court HEREBY ORDERS that:

1. Within seven (7) days of the date of service of this order, Smith & Eulo SHALL FILE a response to attorney Anna Weiser's motion to withdraw (ECF No. 8) and supplement (ECF No. 10); and
2. The Clerk of Court is DIRECTED to serve a copy of this Order, along with copies of the motion to withdraw (ECF No. 8) and supplement (ECF No. 10), on Smith & Eulo via:
    a. Email at keulo@smithandeulo.com and jgodbout@smithandeulo.com; and
    b. Mail addressed to: Smith & Eulo, 1105 E Concord Street, Orlando, FL, 32803.

IT IS SO ORDERED.

Dated: **September 24, 2026**

STANLEY A. BOONE
United States Magistrate Judge